UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | |
|---|---|
| AARON LEE EADS          ) | |
| )                          | |
| *Plaintiff*,              ) | |
| )                          | |
| v.                        ) | No. 3:08-cv-287 |
| )                          | *Phillips* |
| )                          | |
| DAVID RAY, et al.         ) | |
| )                          | |
| *Defendants*.             ) | |

## **MEMORANDUM**

This is a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The matter is before the court on the defendants' motion for summary judgment. Plaintiff has not filed a response to the motion for summary judgment and the court deems plaintiff to have waived his opposition to the dispositive motion. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.*, 577 F.2d 740 (6th Cir. 1978); E.D.TN. LR7.2.[1] For the following reasons, the motion for summary judgment [Court File No. 15] will be **GRANTED**.

---

[1] In denying plaintiff's motion to stay this matter pending his release from prison, the court noted that, as one ground in support of the motion for summary judgment, the defendants averred as an affirmative defense the plaintiff's failure to exhaust his administrative remedies. The court ordered plaintiff to respond, within a specified time, to the averment that he failed to exhaust his administrative remedies. Plaintiff timely responded and it appeared that plaintiff did, in fact, exhaust his administrative remedies. The court then gave plaintiff time to respond to the remaining grounds in support of the defendants' motion for summary judgment, and he has failed to do so.

I.        Standard of Review

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." "In considering a motion for summary judgment, the court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party." *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). *See also Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986); *Securities and Exchange Commission v. Blavin*, 760 F.2d 706, 710 (6th Cir. 1985). The burden is on the moving party to conclusively show that no genuine issue of material fact exists. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

> Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. The dispute must also be genuine. The facts must be such that if they were proven at trial a reasonable jury could return a verdict for the non-moving party. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial.

*60 Ivy Street Corp. v. Alexander*, 822 F.2d at 1435-36 (citations omitted).

Once the moving party presents evidence sufficient to support a motion for summary judgment, the non-moving party is not entitled to a trial merely on the basis of allegations. The non-moving party must present some significant probative evidence to support its

position. *White v. Turfway Park Racing Association, Inc*., 909 F.2d 941, 943-44 (6th Cir. 1990); *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 861 (6th Cir. 1986). Mere allegations of a cause of action will no longer suffice to get a plaintiff's case to the jury. *Cloverdale Equipment Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989).

Summary judgment should not be disfavored and may be an appropriate avenue for the "just, speedy and inexpensive determination" of an action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). The moving party is entitled to judgment as a matter of law "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322.

II.  Factual Background

Plaintiff brought this action during his confinement in the Claiborne County Justice Center; he was later transferred to the custody of the Tennessee Department of Correction and has since been released from custody. The defendants are Claiborne County Sheriff David Ray, Captain Sam Nelson, and Lieutenant Paulene Berry. Plaintiff alleges the following statement of claim:

> I was put on mental meds in 2000 at Lake Shore Mental Hospital. I was on these meds for 8 years. This jail has gave me these meds before when I have been incarcerated. I was out this last time for 2 months I didn't get them filled on the outside for 1 month because I couldn't afford it. So when I came back in, the nurse said no way. So I have asked and complained to every guard on staff. They all said I need my meds. Just because the nurse don't like me is no

3

> reason not to give my meds. All I asked was to see a doctor that's all I asked. All the meds I need is non narcotic. So now I have been incarcerated for 10 months with no meds not allowed to see a doctor who can make the right judgment. All I do is sit back here in my cell hiding from everyone. They have been refusing me medical attention for 10 months. Can you please speed this up so I can get my meds.

[Court File No. 3, Complaint, p. 4]. As relief, plaintiff states: "All I want is them to be held accountable for not giving me my meds and give me my meds." [*Id*. at 5]. In addition to the contention that plaintiff failed to exhaust his administrative remedies, the defendants move for summary judgment on the grounds that plaintiff's allegations are vague and conclusory, that he has failed to state a claim for relief against the defendants, and that the defendants are entitled to qualified immunity.

III.    Discussion

In order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). *See also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

The Eighth Amendment protects prisoners against the imposition of "cruel and unusual punishment." The Eighth Amendment's ban against cruel and unusual punishment

4

also obliges prison authorities to provide medical care for prisoners' serious medical needs. In order to state a claim under § 1983 in the medical context, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Thus, under the *Estelle* standard, "[a] constitutional claim for denial of medical care has objective and subjective components." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004).

The objective component requires an inmate to establish that he is suffering from a sufficiently serious medical need, such that "'he is incarcerated under conditions posing a substantial risk of serious harm.'" *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The subjective component necessitates an inmate show that a prison official possessed a culpable state of mind. *Id*. "A defendant possess[es] a sufficiently culpable state of mind when he acts with deliberate indifference." *Carter v. City of Detroit*, 408 F.3d 305, 312 (6th Cir. 2005) (citation omitted). "Put simply, 'deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk.'" *Johnson v. Karnes*, 398 F.3d 868, 875 (6th Cir.2005) (quoting *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)).

In his complaint, plaintiff alleges, without stating her name, that the jail nurse refused to give him his medication and refused to allow him to see a doctor. Plaintiff makes no specific factual allegation that Sheriff Ray, Capt. Nelson, or Lt. Berry played a role in depriving plaintiff of any constitutional right; plaintiff apparently attempts to impose liability on them under a general theory of respondeat superior. In a suit brought under § 1983,

liability cannot be imposed solely on the basis of respondeat superior. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). The law is well-settled that a plaintiff must allege that a defendant official was personally involved in the unconstitutional activity of a subordinate in order to state a claim against such a defendant. *Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982). "[L]iability cannot be based solely on the right to control employees." *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).

To the extent plaintiff seeks to impose liability upon the defendants based upon their failure to respond to his complaints to the jail guards and his grievances, such a claim fails to state a claim for relief under § 1983. "A combination of knowledge of a prisoner's grievance and failure to respond or remedy the complaint is insufficient to impose liability upon supervisory personnel under § 1983." *Henry v. Pogats*, No. 93-2462, 1994 WL 462129 at *2 (6th Cir. August 25, 1994) (unpublished decision) (citing *Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir.1988)).

To the extent plaintiff seeks injunctive relief against the defendants, he was transferred from the Claiborne County Justice Center to the custody of the Tennessee Department of Correction soon after his complaint was filed. His request for injunctive relief is therefore moot. *See Cardinal v. Metrish*, 564 F.3d 794, 798-99 (6th Cir. 2009) (citing *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (a prisoner's claim for declaratory and injunctive relief becomes moot upon his transfer to a different facility)).

IV.     Conclusion

The defendants are entitled to judgment as a matter of law and their motion for summary judgment will be **GRANTED**.  This action will be **DISMISSED WITH PREJUDICE**.  The court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous.  *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

                                                          s/ Thomas W. Phillips                                                           
                                                United States District Judge